# Stewart v. Williams.

March 15, 1949.

Roy G. Garrison and Holland G. Bryan for appellant.

Waller, Threlkeld, & Whitlow for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Affirming.

Appellant instituted this action against appellee alleging the latter had uttered slanderous remarks about him in the presence of three other persons. At conclusion of all the evidence the Trial Court directed the jury to return a verdict in favor of appellee and judgment was entered accordingly.

Appellant contends the Court erred (1) in sustaining the motion for a peremptory instruction, (2) in permitting appellee to file an amended answer, and (3) in admitting evidence in support of the defense interposed by the amended answer.

Appellant had been City Clerk of Paducah since the year 1932, and since 1940 had been the duly appointed and acting City Alcoholic Beverage Administrator and City License Inspector of Paducah. At all times men-

tioned in the petition and evidence, appellee was the City Manager of the City of Paducah, clothed with power to appoint and discharge, with or without cause, all other employees of the City except the members of the Police and Fire Departments. Previous to the occasion on which the remarks complained of were spoken, appellee had heard that appellant had been seen in public places under the influence of alcohol. Rumors had emanated and persisted that the City Manager intended to discharge appellant for reasons unknown to the latter. Appellant disclosed to representatives of the local newspaper that he had been told he was to be discharged for reasons unknown to him. The information obtained in this interview was published by the newspaper. A representative of the paper sought an interview with appellee concerning the matter, and appellee refused to comment on it at that time. Shortly thereafter appellant conferred with the Mayor of the City and asked him to "find out what the trouble was" if he could. In compliance with this request the Mayor conferred with appellee and asked the latter to meet with him (the Mayor) and appellant to "thrash it out and see what the trouble was and settle it once and for all." A meeting was arranged for 1:30 o'clock on the afternoon of November 15, 1946. The City Manager asked the Corporation Counsel and the Acting Chief of Police to attend the conference. It was at this conference, which actually constituted an investigation, that the words complained of were spoken. Appellant alleged and testified that the defamatory remarks were made in the form of a statement, the others who were present at the investigation testified that they were made in the form of a question directed to appellant. The words alleged to have been spoken were "you (appellant) got so drunk in the Cobb Hotel Barroom that you couldn't walk and had to be carried out and carried home" and "you (appellant) were talking to C. G. Sims (one of the City Commissioners) one night at the Seventh Street Bar and Cocktail Lounge and you were drunk at that time." The defense was based on the grounds (1) that appellee did not make the statements but merely asked appellant if they were true, and (2) the statements or questions were privileged communications for the uttering of which no cause of action will lie.

Since the evidence was conflicting in respect to the first ground of defense we shall assume that the Court directed a verdict in appellee's favor on the ground that the statements or questions complained of were privileged communications.

We deem it unnecessary to determine whether in the circumstances of this case the communications were absolute or qualified privileges. If absolute, false defamatory words maliciously spoken will not give rise to a cause of action for slander. Catron v. Jasper 303 Ky. 598, 198 S.W.2d 322, and cases therein cited. If the privilege is qualified, false and defamatory statements will not give rise to a cause of action unless maliciously uttered. Baker v. Clark 186 Ky. 816, 218 S.W. 280. The facts of this case do not present even a scintilla of evidence that the words were uttered maliciously; on the contrary, we think the evidence conclusively shows that malice was lacking entirely. Appellant himself virtually forced appellee to conduct the investigation, although he now contends that it was not a bona fide investigation, since appellee had already determined that he would discharge appellant. But whether it was an investigation or a mere consultation it was held at appellant's request. He did not complain of the presence of the Corporation Counsel or the Acting Chief of Police, and it seems to us that they were proper persons to be called into consultation concerning the subject matter. The Corporation Counsel is the legal advisor for the City and all of its officers; and the evidence discloses that at the direction of the City Manager a member of the police department investigated the rumors that appellant had been seen intoxicated while on duty. Under these circumstances it cannot be said that the Corporation Counsel and the Chief of Police were not officially concerned with the subject of the investigation. It is apparent that whatever occurred at the conference or investigation was placed in issue by appellant himself.

Since the subject of the investigation was a matter of official concern to all persons present, and the investigation was one sought by appellant for the purpose of learning the reason underlying the rumor that he was in danger of being discharged, it is apparent that the remarks of the City Manager cannot be construed to have been made with malicious intent.

Appellee was permitted to amend the answer in which amendment he pleaded that the words spoken were privileged. The amendment contained virtually the same defense set out in paragraph two of the original answer which paragraph was stricken by the Court on motion of appellant. Appellant contends that the Court erred in permitting the amendment to be filed because he previously had stricken the same plea, and consequently evidence in support of the allegations of the amendment was incompetent. We will not labor the question with a discussion of technicalities; suffice it to say that the plea was good, whether incorporated in the original or the amended answer; and, since the order striking the plea from the original answer was interlocutory, it was subject to modification and change at any time at the discretion of the Court.

The judgment is affirmed.